UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN BARNHART and HOLLY STUART-
BARNHART, individually and jointly and
severally as husband and wife,

                                Plaintiffs,

-vs-                                                           Case No.  2:11-cv-569-FtM-99SPC

AMERICAN HOME MORTGAGE SERVICING,
INC., a/k/a A.H.M.S.I., a foreign corporation,
WELLS FARGO BANK, N.A., as Trustee for
Option One Mortgage Loan Trust 2007-CP1 Asset-
Backed Certificates Series 2007-CP1,
POWERLINK SETTLEMENT SERVICES, and
CHICAGO TITLE INSURANCE COMPANY, a
foreign corporation,

                                Defendants.
_____/

**ORDER**

This matter comes before the Court on Plaintiffs' Reply Motion to Strike the Affirmative Defenses of Defendant Powerlink Settlement Services (Doc. #26) filed on January 6, 2012. Defendant filed its Response in Opposition (Doc. #28) on January 20, 2012. This matter is fully briefed and ripe for review.

**I. Background**

Plaintiffs, Brian Barnhart and Holly Stuart-Barnhart, filed a complaint against American Home Mortgage Servicing, Chicago Title Insurance, and Powerlink Settlement Services (Defendant) on October 6, 2011. (Doc. # 2). On December 30, 2011, Defendant filed its Answer and Affirmative Defenses. (Doc. # 25). Plaintiffs then filed their Motion to Strike Affirmative Defenses.

Plaintiffs' Complaint seeks damages from Defendant on four causes of action. Plaintiffs first claim that Defendant fraudulently prepared a deed it knew was fraudulent and that the prepared deed did not and could not convey title to Plaintiffs. Plaintiffs also claim negligent misrepresentation based on the aforementioned conduct but with additional allegations that Defendant had a duty to verify the title and therefore, knew or should have known the deed was fraudulent. The third claim is for negligence. As grounds, Plaintiffs assert that Defendant, as a settlement agent, had a duty to complete a title search and prepare the deed Defendant owed Plaintiffs, and to exercise care in performing this title search accurately. Plaintiffs' last claim alleges that Defendant engaged in a civil conspiracy with all the other named Defendants to misrepresent to Plaintiffs that title had been conveyed to Plaintiffs by Wells Fargo.

In response to the Complaint, Defendant asserted six affirmative defenses. (Doc. # 25). All of the following are relevant to the pending Motion: the First Affirmative Defense asserts the title policy's terms limit Plaintiffs' remedies against Defendant to those remedies specifically provided in the title defect provision of the title policy; the Second Affirmative Defense alleges Plaintiffs are estopped from asserting actions against Defendant without complying with the terms of the Title Policy; the Third Affirmative Defense asserts Defendant took all reasonable efforts in good faith to clear title and comply with its contractual obligations to Plaintiffs; the Fourth Affirmative Defense asserts the economic loss rule bars Plaintiffs' action; the Fifth Affirmative Defense asserts Plaintiffs failed to allege an actual loss, and without an actual loss, no cause of action for breach of contract exists; and the Sixth Affirmative Defense asserts Florida law did not impose a duty upon Defendant, as a title agent, to prepare all necessary and proper documentation associated with closing or make

certain the documents are in accordance with applicable laws, rules, and regulations governing closing transactions.

In their Motion, Plaintiffs seek an order striking the affirmative defenses as insufficient defenses. Plaintiffs request the Court strike these defenses because Defendant failed to plead any ultimate facts to support their affirmative defenses, the defenses failed to identify which specific cause of action to which the defense is directed, failed to attach exhibits necessary to its defense, and failed to allege a valid affirmative defense. Plaintiffs maintain that Defendant's First, Second, and Fifth defenses fail to plead any ultimate facts to support their affirmative defenses. Plaintiffs further contend that Defendant failed to identify a specific cause of action for all their defenses. Plaintiffs assert that Defendant failed to attach the necessary exhibit for their First, Second, Third, Fourth, and Fifth Affirmative Defenses. Finally, in regard to Defendant's Fourth Affirmative Defense - the economic loss rule - Plaintiffs maintain the defense is wrong as a matter of law.

**II. Standard**

Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c). The Rule states in pertinent part that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud . . . and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c).

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot

consider matters beyond the pleadings. <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 683 (M.D. Fla. 2002).  A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. <u>Harvey</u>, 2005 WL 1421170 (citing <u>Scelta v. Delicatessen Support Services, Inc.</u>, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

  An Affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law. <u>Microsoft Corp.</u>, 211 F.R.D. at 683.  An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  <u>Harvey</u>, 2005 WL 1421170.  To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. <u>Id.</u> (citing <u>Reyher v. Trans World Airlines, Inc.</u>, 881 574, 576 (M.D. Fla. 1995)).

  Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. <u>Hansen v. ABC Liquors, Inc.</u>, 2009 WL 3790447 *1 (M.D. Fla. November 9, 2009).  Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. <u>Hansen</u>, 2009 WL 3790447 at *1 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 553, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

**III. Analysis**

**1. Insufficient Pleadings**

Plaintiffs move to strike Defendant's Third and Fifth Affirmative Defenses because they are legally insufficient and Defendant's First and Second Affirmative Defenses because they are factually insufficient.

**A. Factual Insufficiency**

Defendant's First Affirmative Defense asserts the title policy limits Plaintiffs' remedies. Defendant further states that the title's terms do not entitle Plaintiffs to their requested relief. Such facts are sufficient to put Plaintiffs on notice of the defense's nature. Further, Plaintiffs are aware that the defense rests upon the terms of the title policy. Therefore, the Court finds the Defendant's First Affirmative Defense is sufficiently pled and denies Plaintiffs' request to strike the defense.

Defendant's Second Affirmative Defense asserts that Plaintiffs' failure to comply with the terms of the title policy estoppes them from bringing their action. Although Defendant does not specify how Plaintiffs failed to comply with the title policy, the defense is still factually sufficient. The defense puts Plaintiffs on notice that Defendant, in some way, will argue that Plaintiffs did not comply with the title policy. This failure to comply, Defendants argue, should bar Plaintiffs' claim. Additionally, the pleading notifies Plaintiffs that the defense is based on the title policy. Thus, the Court denies Plaintiffs' motion to strike Defendant's Second Affirmative Defense.

**B. Legal Insufficiency**

Plaintiffs then move to strike Defendant's Third and Fifth Affirmative Defenses because they are legally insufficient. Defendant's Fifth Affirmative Defense asserts the Plaintiffs improperly interpreted the title insurance policy. Defendant alleges the title insurance policy is an

indemnification against actual loss and without an allegation of loss, no actionable breach of contract exists. Defendant's Third Affirmative Defense alleges that Defendant actively defended and took all reasonable efforts in good faith in favor of Plaintiffs to clear title.

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." <u>Florida Business Brokers Ass'n, Inc. v. Williams</u>, 2009 WL 3028311 *1 (M.D. Fla. Sept. 17, 2009) (quoting <u>Wright v. Southland Corp.</u>, 187 F.3d 1287, 1303 (11 th Cir. 1999)). Defendant's Third and Fifth Affirmative Defenses, however, are not an affirmative defenses. Each defense alleges flaws in Plaintiffs' Complaint. A defense, which points out a defect in the plaintiff's prima facie case is not an affirmative defense. <u>In re Rawson Food Serv., Inc.</u>, 846 F.2d 1343, 1349 (11th Cir. 1988). Consequently, Defendant's defenses are, in effect, denials and not affirmative defenses.

However, "when a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim, but rather treat it as a specific denial." <u>Burns v. City of Cape Coral</u>, 2011 WL 2222169 *1 (M.D. Fla. June 7, 2011). Therefore, the Court will treat Defendant's Third and Fifth Affirmative Defenses as denials and will not strike them.

**2. Failure to Direct at a Specific Cause of Action**

Plaintiffs then move to strike Defendant's First, Second, Fourth, and Sixth Affirmative Defenses because they are not directed at a specific cause of action. Plaintiffs are correct in that Defendant failed to specify what count each defense applies. However, where a defense fails to specify which count it pertains to, "'a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy,

may confuse the issues, or otherwise prejudice a party.'" Rosada v. John Wieland Homes and Neighborhoods, Inc., 2010 WL 1249841 *3 (M.D. Fla. Mar. 25, 2010) (quoting Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 691 (M.D. Fla. 2003)). Plaintiffs do not allege that Defendant's defenses have no relation to the controversy, would confuse issues, or prejudice Plaintiffs. Therefore, the Court will decline to strike Defendant's affirmative defenses for failure to direct them at specific causes of action.

### 3. Failure to Attach Exhibits

Plaintiffs also contend that because Defendant failed to attach the necessary exhibits on which their defenses rely this Court should strike Defendant's First, Second, and Fourth Affirmative Defenses. Under Fla. R. Civ. P. 1.130, "all bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought... shall be incorporated in or attached to the pleading." However, once this case was removed to federal court, the federal rules of procedure became applicable. Acciard v. Whitney, 2007 WL 455256 *1 (M.D. Fla. Dec. 21, 2007) (quoting Hollis v. Fla. State Univ., 259 F.3d 1295, 1299 (11th Cir. 2001)).

Accordingly, Fed. R. Civ. P. 10(c) governs as the applicable rule for whether a party must attach a supporting document. Pursuant to Fed. R. Civ. P. 10(c) a party need not attach a copy of the writing upon which his claim for relief or defense is based. JPMorgan Chase Bank, N.A., v. Hayhurst Mortgage, Inc., 2010 WL 2949573 *4 (S.D. Fla. July 26, 2010); see also 5A Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1327 (3d. ed. 2004) (stating that incorporation of exhibits is permissive but not required). Because the attachment of exhibits is permissive, Defendant had no obligation to attach any exhibits on which his defenses rely. Plaintiffs cannot claim prejudice from Defendant's failure to attach exhibits because the Federal Rules do not require such

attachment. Therefore, the Court denies Plaintiffs' request to strike Defendant's First, Second, and Fourth affirmative defenses because Defendant failed to attach exhibits.

**4. Economic Loss Rule**

Lastly, Plaintiffs seek to strike Defendant's Fourth Affirmative Defense as an improper affirmative defense. As his Fourth Affirmative Defense, Defendant asserted that the economic loss rule barred Plaintiffs' action. As grounds, Defendant maintained that absent a tort independent of breach of contract, the remedy for economic loss lies in contract law. The economic loss rule is "a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indemnity Ins. Co. of North American v. Am. Aviation, Inc., 891 So.2d 532, 536 (Fla. 2004). The rule applies in two different circumstances: (1) "when the parties are in contractual privity and one party seeks to recover damages in tort for matter arising from the contract," and (2) "when there is a defect in a product that causes damage to the product but causes no personal injury or damage to other property." Id.

The purpose of the economic loss rule is "to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Id. Accordingly, "courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract." Id. at 537. However, a tort action is not barred where the tort is committed independent of the contract breach. Id. A tort is independent if it requires a proof of facts separate and distinct from the contract breach. Id. (quoting HTP, Ltd. V. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla. 1996)).

Plaintiffs contend that Defendant's Fourth Affirmative Defense is wrong as a matter of law. They assert fraud is an intentional tort and the economic loss rule does not bar causes of action based on intentional torts or statutory causes of action. However, the question before this court, is not whether Defendant's affirmative defense actually bars Plaintiffs' claim. Instead, it is whether the economic loss rule is a valid affirmative defense to fraudulent and or negligent misrepresentation. In <u>Rosada v. John Wieland Homes and Neighborhoods, Inc.</u>, the court found the economic loss rule a valid affirmative defense to fraudulent and negligent misrepresentation. <u>Id</u>. at *3. Accordingly, this Court denies Plaintiffs' request to strike Defendant's Fourth Affirmative Defense because the economic loss rule is a valid affirmative defense to fraudulent and negligent misrepresentation.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Reply Motion to Strike the Affirmative Defenses of Defendant Powerlink Settlement Services (Doc. #26) is **DENIED**. The Court construes Defendant's Third and Fifth Affirmative Defenses as denials.

**DONE AND ORDERED** at Fort Myers, Florida, this   3rd   day of February, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record